UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE WHITLOCK, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>v.<br><br>SPRINT SPECTRUM L.P., d/b/a SPRINT PCS, SPRINT SPECTRUM HOLDING COMPANY, L.P., and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Civil No. 05CV1468 JAH(WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** [DOC. # 14]; **AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE** [DOC. # 11] **AND PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER STRIKING PORTIONS OF DEFENDANTS' REPLY BRIEF** [DOC. # 24] |

## INTRODUCTION

Now before the Court are the motions to dismiss and to strike filed by defendants Sprint Spectrum L.P. and Sprint Spectrum Holding Company, L.P. (collectively "defendants" or "Sprint") along with the *ex parte* application for an order striking portions of defendants' reply brief filed by plaintiff Anne Whitlock ("plaintiff"). The motions and application have been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss, DENIES defendants' motion to strike plaintiffs' *ex parte* application as moot.

//

//

# BACKGROUND

## 1. Factual Background[1]

Sprint markets and sells mobile telephone services. Plaintiff signed a mobile telephone service agreement with Sprint in May 2005. Shortly thereafter, plaintiff received unsolicited text messages on her phone containing advertisements sent by Sprint for which plaintiff was billed $.10 for each of the text messages. Plaintiff alleges she contacted Sprint to complain and was informed Sprint can charge for any message sent to its customers even if it is sent by Sprint. Plaintiff further alleges that she later received a credit on her bill for the unwanted text messages.

## 2. Procedural History

Plaintiff initially filed her complaint on July 22, 2005. Plaintiff's amended complaint, the operative pleading here, was filed on February 2, 2006, and seeks monetary and injunctive relief based on violations of the Consumer Legal Remedies Act, Cal.Civ. Code §§ 1750, *et seq.*, ("the CLRA") and the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 ("the TCPA"). Defendants filed their motions to dismiss and to strike portions of plaintiff's amended complaint on March 29, 2006. Plaintiff's oppositions to the motions and defendants' reply briefs were filed on May 11, 2006 and May 18, 2006, respectively. On May 22, 2006, plaintiff filed her *ex parte* application for an order striking portions of defendants' reply brief to their motion to dismiss. Defendants filed an opposition to that *ex parte* application on May 24, 2006. This Court subsequently took all motions under submission without oral argument. *See* CivLR 7.1(d.1).

//
//
//
//
/

---

[1] These facts are taken directly from plaintiff's amended complaint and are presumed true for purposes of this motion. *See* Wilbur v. Locke, 423 F.3d 1101, 1107 (9th Cir. 2005); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

# DISCUSSION

Defendants move to dismiss plaintiff's first amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that plaintiff lacks standing.[2]

## 1. Legal Standard

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000). The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.,* "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976)) (alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561. In order to have standing to sue for injunctive relief, plaintiff must demonstrate there exists a "a real or immediate threat of an irreparable injury." Hangartner v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004)(citing Clark v. City of Lakewood, 259 F.3d 996, 1007 (9th Cir. 2001))(emphasis omitted).

---

[2] Defendants also move to dismiss plaintiff's first amended complaint on the grounds that the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, defendants separately move to strike all class allegations from plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(f). However, because this Court ultimately finds it lacks subject matter jurisdiction due to plaintiff's lack of standing, this Court DENIES defendants' additional motions as moot.

1  The court's standing analysis, however, does not end here.  The court can also impose "prudential limitations" on the class of persons seeking federal jurisdiction, including requiring that a litigant can only assert his own legal rights, and not the rights of a third party.  *See*, *e.g.*, United States v. Raines, 362 U.S. 17, 22-23 (1960); Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 862 (7th Cir. 1996).  "This rule flows from a concern that third parties will not adequately represent the individuals whose rights they seek to vindicate."  Retired Chicago Police Ass'n, 76 F.3d at 862.  Thus, in determining whether a party can assert a cause of action on behalf of others, a reviewing court must ask two questions: 1) whether the litigants have suffered an injury in fact sufficient to rise to an Article III controversy; and 2) whether, as a prudential matter, the plaintiff properly represents the interest of any other individual in the complaint.  *See* Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624 n.3 (1989); Singleton v. Wulff, 428 U.S. 106, 112 (1976).

Plaintiff has the burden of showing that she has standing.  United States v. Hays, 515 U.S. 737, 743 (1995).  In determining standing, the Court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party," Wilbur v. Locke, 423 F.3d 1101, 1107 (9th Cir. 2005)(internal citations omitted), unless the challenging party presents a factual attack.  Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004).  In Wolfe, the Ninth Circuit explained that:

> [i]n a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

Id. (citing Safe Air For Everyone v. Meyer, 373 F.3d 1035 (9th Cir. 2004)).  Thus, when faced with a factual attack, the Court may consider extrinsic evidence without converting the motion into a motion for summary judgment.  Safe Air, 373 F.3d at 1039.

//
//
//
//

## 2.   Analysis

As a threshold matter, this Court notes that defendants seek to introduce extrinsic evidence in support of their Rule 12(b)(2) motion, claiming that the Court may consider that evidence because defendants factually attack plaintiff's allegations. *See* Doc. # 14 at 5. However, a review of the pleadings presented reveals that defendants do not dispute any of the facts presented by plaintiff in her first amended complaint but, instead, argue that the allegations presented are insufficient to support standing. Therefore, this Court finds that defendants present only a facial challenge on standing grounds. Accordingly, this Court assumes the facts presented in the first amended complaint are true and construes all factual allegations in plaintiff's favor. Wolfe, 392 F.3d at 362.

Defendants contend plaintiff lacks standing because she fails to establish an injury in fact. Specifically, defendants contend (1) plaintiff fails to allege an economic injury as required to pursue damages; and (2) plaintiff fails to demonstrate a real or immediate threat of an irreparable injury, which is required to seek injunctive relief. Defendants further contend that, because plaintiff fails to establish an injury in fact, plaintiff has no standing to pursue a class action.

Defendants first argue that plaintiff fails to allege an injury in fact because she does not allege an economic injury, *i.e.*, "that she paid Sprint for any of the alleged improper charges," Doc. # 14 at 2, and that her complaint alleges she "'received a credit for Sprint's own advertising charges.'" Id. at 5 (quoting Am.Compl. ¶ 56). In opposition, plaintiff points out that, under Article III, plaintiff does not need to allege economic harm but, instead, need only allege she suffered an injury through the violation of a statute that creates legal rights. Doc. # 18 at 6 (citing Greater Los Angeles Council on Deafness, Inc. v. Baldridge, 827 F.3d 1353, 1358 (9th Cir. 1987)). Plaintiff argues she alleges an injury in fact by stating that defendants violated the TCPA and the CLRA, which are statutes that were created to protect consumers from deceptive business practices and invasion of privacy. Id.

Defendants, in reply,[3] concede that economic injury is not required to demonstrate an injury in fact but claim plaintiff must still allege an injury that is "'distinct and palpable' as opposed to merely abstract." Doc. # 20 at 2 (quoting Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990)). Defendants point out that the sole authority cited by plaintiff to support her position is a California Supreme Court case that is not only inapposite to the instant case but is not binding on this federal court. Id. at 3-4. The case cited by plaintiff held that a plaintiff need not suffer any damage, pecuniary or otherwise, as long as a legal right, such as the right to be free from deceptive business practices, was alleged to be violated. *See* Doc. # 18 at 10 (citing Kagan v. Gibralter Savings & Loan Ass'n, 35 Cal.3d 582 (1984). Defendants note that, under federal law, plaintiff must allege she suffered more than just an "'[a]bstract injury'" to establish an injury in fact and not just present allegations of a violation of a statute that creates a legal right. Doc. # 20 at 3 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). According to defendants, plaintiff fails to allege such a "distinct and palpable" injury. Id. Defendants contend that, because plaintiff does not allege she suffered any harm, economic or otherwise, by Sprint's erroneous billing of text messages that were later corrected, plaintiff's allegations are merely abstract and, therefore, fail to demonstrate an injury in fact under federal law. Id. at 2-3.

This Court agrees with defendants. Federal law clearly requires plaintiff to allege more than an abstract injury and not just an allegation of a violation of the legally created right to establish an injury in fact. *See* Lyons, 461 U.S. at 101. Here, plaintiff contends defendants' alleged violations of the CLRA and TCPA are enough to establish an injury in fact, admitting she did not suffer any economic or other harm. Although plaintiff alleges her right to privacy was violated and infers a violation of her right to be free from deceptive business practices, there are no allegations of any harm caused by these alleged violations. Because there are no allegations of any concrete injury to plaintiff, this Court finds plaintiff fails to establish she

---

[3] Plaintiff moves, *ex parte*, to strike portions of defendants' reply brief on the grounds that defendants present arguments not raised in their moving papers. *See* Doc. # 25 at 2. Because this Court does not consider the arguments by defendants for the first time in reply in its determination of standing, this Court DENIES plaintiff's *ex parte* application to strike as moot.

suffered an injury in fact and, therefore, finds plaintiff lacks standing to sue for damages. Lujan, 504 U.S. at 560.

In addition, although plaintiff contends that there is no impediment forestalling defendants from charging plaintiff again for unsolicited text messages, plaintiff presents no allegation that could reasonably be inferred to indicate such an action will occur again. Plaintiff points out she alleges that "defendants continue to engage in their unlawful practices," Doc. # 18 at 7 (citing Am.Compl. ¶ 19), and that "[i]t is not clear ... whether ... the text messages are actually blocked for plaintiff," id. (citing Am.Compl. ¶ 37), which facts plaintiff claims support her contention of a real and immediate threat of future harm. However, this Court is unconvinced it can be inferred from these facts that the unsolicited text messages will be sent by defendants again and, if sent, that defendants' acts will cause plaintiff harm in the future. Thus, plaintiff also fails to establish "a real or immediate threat of an irreparable injury" as required to seek injunctive relief. Hangartner, 373 F.3d at 1021-22. Because plaintiff lacks standing to sue for damages or injunctive relief on her own behalf, plaintiff cannot pursue those claims on behalf of a class. *See* Caplin & Drysdale, 491 U.S. at 624 n.3; Singleton, 428 U.S. at 112. Accordingly, defendants motion to dismiss pursuant to Rule 12(b)(2) based on lack of standing is GRANTED.[4] Defendants' motion to dismiss pursuant to Rule 12(b)(6) and motion to strike pursuant to Rule 12(f) are, therefore, DENIED as moot.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Defendants' motion to dismiss plaintiff's first amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) is **GRANTED**; and

//

---

[4] Plaintiff suggests, in a footnote, that, if this Court deems plaintiff lacks standing to pursue this case as a class action, the Court should permit the substitution of another class member as named plaintiff in order to allow the suit to proceed. Doc. # 18 at 9 n.13 (citing Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1023 n.6 (9th Cir. 2003)). This Court finds it inappropriate to address this issue because it is improperly presented in footnote in opposition to a motion to dismiss.

        b.    Defendants' motion to dismiss plaintiff's first amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) is **DENIED** as moot;

2.    Defendants' motion to strike portions of plaintiff's first amended complaint pursuant to Fed.R.Civ.P. 12(f) is **DENIED** as moot;

3.    Plaintiff's motion to strike portions of defendants' reply brief is **DENIED** as moot; and

4.    The instant complaint is **DISMISSED** for lack of subject matter jurisdiction.

DATED:    September 5, 2006

*/s/ John A. Houston*

Hon. John A. Houston, U.S. District Judge
United States District Court